**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC L. HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00378-SEP |
| ) | |
| ROBERT WILKIE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Eric L. Harden's Motion for Leave to Proceed In Forma Pauperis. Doc. [2]. Having reviewed the Motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct Plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*,

820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), and the Americans with Disabilities Act of 1990 (ADA).  He names the following defendants:  Secretary of Veterans Affairs Robert Wilkie; the Department of Veterans Affairs; Shawn Cook; and Jeremy Leporin.  The complaint is typewritten on a Court-provided form and includes a right-to-sue letter from the United States Equal Employment Opportunity Commission (EEOC).

According to the complaint, Plaintiff was employed as a housekeeper at a Veterans Administration facility in St. Louis, Missouri. Plaintiff alleges that Defendant Cook "talked down to [him], made threatening gestures towards [him] and belittled [him]." Doc. [1] at 5. He further states that Cook called him "a racial epithet." Plaintiff further alleges that Defendant Leporin retaliated against him by refusing him a different work assignment, and by denying him "the right to park in handicap parking spaces" even though he has a state-issued placard. Doc. [1] at 5-6. Plaintiff asserts that he had no choice but to quit because of this alleged race-based and disability-based harassment. Doc. [1] at 6.

Plaintiff states that he filed a charge of discrimination with the EEOC on February 8, 2019. Doc. [1] at 3. He made out a formal complaint on April 15, 2019, asserting discrimination based on his race and disability. Doc. [1-1] at 24. The EEOC issued a decision on December 18, 2019, dismissing Plaintiff's complaint. Doc. [1-1] at 44. The decision advised Plaintiff of his right to sue within ninety days. Doc. [1-1] at 45.

Plaintiff filed the instant action on March 9, 2020, eighty-two days after receiving the right-to-sue letter.

## Discussion

Plaintiff is a self-represented litigant who has filed an employment discrimination action. In the form complaint, he indicates that he is bringing this lawsuit pursuant to Title VII and the ADA. For the reasons discussed below, it appears that Plaintiff's Title VII claim is timely filed and exhausted. However, the claims against Defendants Cook and Leporin are subject to dismissal, as is Plaintiff's ADA claim. Rather than dismissing outright, however, the Court will give Plaintiff the opportunity to file an amended complaint.

3

**A. Title VII Claim**

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009).  The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).  Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018); *see also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court").  A Title VII claimant is required to demonstrate good faith participation in the administrative process in order to exhaust his or her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999).  "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).  A plaintiff who has received notice of the right to sue then has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff has alleged employment discrimination on the basis of race.  He has filed a charge of discrimination with the EEOC and received notice of the right to sue.  The right-to-sue letter was issued on December 18, 2019, and gave Plaintiff ninety days to file a civil action.  Plaintiff filed the instant case eighty-two days later.  It therefore appears that Plaintiff's Title VII claim is timely and exhausted and sufficient for purposes of initial review.

**B. Claims Against Defendants Cook and Leporin**

Plaintiff's claims against Defendants Cook and Leporin, however, are subject to dismissal. Title VII addresses only the conduct of employers, and does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006); *Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994). Likewise, there is no individual liability under the ADA. *See Kirkman v. Faurecia Emissions Control Technologies, Inc.*, 2020 WL 1275618, at *3 (E.D. Mo. Mar. 17, 2020) (compiling cases). The same is true if Plaintiff intends to file a claim under the Rehabilitation Act of 1973. *Id*. Plaintiff should file an amended complaint bringing claims against his employer only. Claims against individuals will be subject to dismissal.

**C. ADA Claim**

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Similarly, the Rehabilitation Act of 1973 (RA) is meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).

In his complaint, Plaintiff indicated that he is bringing this action pursuant to the ADA. However, as a former federal employee, Plaintiff is not allowed to recover separately under the ADA. Rather, any disability claim must be brought pursuant to the RA. *See Loos v. Napolitano*, 665 F.Supp.2d 1054, 1058 (D. Neb. 2009) (stating that plaintiff's remedy for disability discrimination in her federal employment is the RA, and that claims under the ADA must be dismissed for failure to state a claim); *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (stating

that the RA, not the ADA, "constitutes the exclusive remedy for a federal employee alleging disability-based discrimination"); and *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (stating that postal employee had no remedy for employment discrimination under ADA because she was a federal employee; rather, her claims had to be evaluated under the RA).

Because Plaintiff cannot recover under the ADA, this claim is subject to dismissal. However, Plaintiff will be allowed to file an amended complaint to bring a claim under the RA if he should so choose.

### D. Order to Amend

As discussed above, Plaintiff's Title VII claim appears to be timely filed and exhausted. However, his claims against defendants Cook and Leporin are subject to dismissal, because a Title VII claim must be made against an employer, not an individual. Furthermore, Plaintiff's ADA claim is subject to dismissal because the exclusive remedy for a federal employee alleging disability-based discrimination is the RA.

Rather than summarily dismiss these claims, the Court will give Plaintiff an opportunity to file an amended complaint on a form that will be provided to him by the Court. In the amended complaint, he should indicate whether he wishes to pursue a claim under the RA. He is also advised that he can only bring claims against his employer and cannot assert individual liability under Title VII or the RA. If Plaintiff decides to file an amended complaint, he is advised to reallege his Title VII claim so that it will not be deemed abandoned.

Plaintiff will be given thirty days to file his amended complaint. Failure to respond to this Order will result in the dismissal of his ADA claim as well as the claims against Cook and Leporin. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

### E. Motion to Appoint Counsel

Plaintiff has filed a Motion to Appoint Counsel. Doc. [3]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, and if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court will be directed to provide Plaintiff with a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this order, his claim under the Americans with Disabilities Act as well as his claims against Defendants Shawn Cook and Jeremy Leporin will be dismissed without prejudice and without further notice.

**IT IS FINALLY ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 17th day of July 2020.

_Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE