**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC L. HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00378-SEP |
| ) | |
| ROBERT WILKIE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of Plaintiff Eric L. Harden's ("Plaintiff") amended complaint. Doc. [5]. For the reasons discussed below, the Court will direct the Clerk of Court to issue process on the United States Department of Veterans Affairs.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371,

372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant. On March 9, 2020, he filed a civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act of 1990 ("ADA"). His complaint named the following defendants: Secretary of Veterans Affairs Robert Wilkie; the Department of Veterans Affairs; Shawn Cook; and Jeremy Leporin. The complaint was handwritten on a court-provided form and included a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff also filed a motion for leave to proceed in forma pauperis. Doc. [2].

The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915.  On July 17, 2020, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.  Doc. [4].  The Court also determined that Plaintiff's Title VII claim appeared timely and exhausted for purposes of initial review.  However, the Court noted that Plaintiff's ADA claim was subject to dismissal, because as a former federal employee, plaintiff's disability claim needed to be brought pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act").  Rather than dismiss the claim, Plaintiff was given an opportunity to file an amended complaint.  Plaintiff complied by filing an amended complaint on August 17, 2020.  Doc. [5].

### The Amended Complaint

Plaintiff brings his amended complaint pursuant to Title VII and the Rehabilitation Act.  Doc. [5] at 1-2.  He names the Department of Veterans Affairs as Defendant.  In his amended complaint, Plaintiff alleges that while employed by the Department of Veterans Affairs in St. Louis, Missouri, a white supervisor talked down to him, made threatening gestures, and used a racial epithet.  *Id*. at 5.  Plaintiff further claims that he was discriminated against based on a disability when he was not allowed to use a handicapped parking location, despite having a state-issued handicapped placard.  *Id*. at 5-6.

Before filing this action, Plaintiff filed a charge of discrimination with the EEOC.  The EEOC ultimately dismissed his complaint and issued him a right-to-sue letter, which Plaintiff attached to his original complaint.  Doc. [1-1] at 45.  The right-to-sue letter was issued on December 18, 2019, and advised Plaintiff of his right to sue within ninety days.

### Discussion

Plaintiff has filed an amended complaint against the Department of Veterans Affairs pursuant to Title VII and the Rehabilitation Act, alleging race and disability discrimination.  The

3


purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009).  The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).  Meanwhile, the Rehabilitation Act is a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).  The Rehabilitation Act provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006).  Both Title VII and the Rehabilitation Act require a plaintiff to first exhaust his or her administrative remedies. *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (stating that a plaintiff must first exhaust administrative remedies before filing an action under Title VII in federal court); and *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (stating "that a plaintiff suing under the Rehabilitation Act must exhaust administrative remedies").

      In this case, Plaintiff's amended complaint contains allegations that he was discriminated against on the basis of his race and disability while employed by the Department of Veterans Affairs.  He filed a charge of discrimination with the EEOC.  The EEOC dismissed his case, and issued plaintiff a right-to-sue letter.  The right-to-sue letter was sent on December 18, 2019, and gave Plaintiff ninety days to file a civil action.  Plaintiff filed his original complaint eighty-two days later.  Therefore, for purposes of initial review, it appears that Plaintiff's claims under Title

VII and the Rehabilitation Act are timely and exhausted. Therefore, the Clerk of Court will be directed to issue process on the Department of Veterans Affairs.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Defendant United States Department of Veterans Affairs, care of Robert Wilkie, Secretary of Veterans Affairs, 810 Vermont Avenue NW, Washington, D.C. 20420.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on William Barr, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Jeffrey B. Jensen, United States Attorney, Thomas F. Eagleton Courthouse, 111 South 10th Street – Room 20.333, St. Louis, MO 63102.

Dated this 14th day of September, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE